IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STACEY D. BOGGS,

    Plaintiff,

v.                                         Civil Action No. 5:07CV10
                                                       (STAMP)
MICHAEL J. ASTRUE,[1]
Commissioner of
Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The plaintiff, Stacey D. Boggs, filed an application on January 12, 2005 for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401-433. In the application, the plaintiff alleged disability since December 3, 2003, due to a tumor in her pelvis.

The state agency denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing, and a hearing before Administrative Law Judge ("ALJ") Norma Cannon was held on April 17, 2006. The plaintiff, represented by counsel, testified on her own behalf. Vocational Expert ("VE") Larry Bell also testified at the hearing. On July 19, 2006, the ALJ issued a

---

[1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is automatically substituted as the defendant in this action.

decision finding that the plaintiff was not disabled. The Appeals Council denied the plaintiff's request for review on November 17, 2006, rendering the ALJ's decision the final decision of the Commissioner. Thereafter, the plaintiff filed the present action pursuant to 42 U.S.C. § 405(g) seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security.

The case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment. Magistrate Judge Kaull considered the cross motions for summary judgment and submitted a report and recommendation. In his report, the magistrate judge recommended that the defendant's motion for summary judgment be denied and the plaintiff's motion for summary judgment be granted in part.

Upon submitting his report, Magistrate Judge Kaull informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. To date, no objections have been filed.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to

2

file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because no objections have been filed, this Court reviews the report and recommendation of the magistrate judge for clear error.

### III. Discussion

This Court believes that a reiteration of the facts in this case is unnecessary here. Accordingly, this Court relies on the detailed recitation of facts provided in section II of Magistrate Judge Kaull's report and recommendation.

In her motion for summary judgment, the plaintiff argues that: (a) the Appeals Council improperly ignored updated records from her treating physician which show a worsening of her health; (b) the Appeals Council and the ALJ failed to properly weigh the opinions of her treating physicians; (c) the ALJ committed reversible error when she based her denial of benefits on the plaintiff's performance of routine daily activities; and (d) the ALJ improperly applied "sit and squirm" jurisprudence to the plaintiff's testimony as she sat through the hearing.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528

(4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996)(quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

Magistrate Judge Kaull found that substantial evidence does not support the ALJ's determination that the plaintiff was not disabled from December 3, 2003 through the date of her decision on July 19, 2006. The magistrate judge's finding in this case is not clearly erroneous. A review of the record, including new evidence from the claimant's treating physician that was submitted to the Appeals Council, shows that the ALJ's finding at Step 2 of the analysis prescribed by 20 C.F.R. § 404.1520 regarding the plaintiff's severe impairments is not supported by substantial evidence. Indeed, the new evidence shows that the plaintiff's hip impairment was not an "aneurysmal bone cyst, status post surgery, with residual pelvic floor instability and pain" as found by the ALJ but was instead an aneurysmal bone cyst, status post surgery, that had gone on to ununited stress fracture left pubis. The ALJ also erred by failing to discuss or mention the plaintiff's

4

depression as required by 20 C.F.R. § 404.1520a (setting forth a special technique to be used in evaluating mental impairments). Accordingly, the magistrate judge's finding that substantial evidence does not support the ALJ's ultimate conclusion of non-disability is not clearly erroneous.

IV. Conclusion

Because the parties have not objected to the proposed findings of fact and recommendation for disposition, and because this Court finds that the recommendation is not clearly erroneous, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, it is ORDERED that the defendant's motion for summary judgment be DENIED and that the plaintiff's motion for summary judgment be GRANTED by reversing the Commissioner's decision pursuant to 42 U.S.C. § 1383(c)(3) and sentence four of 42 U.S.C. §§ 405(g) with a remand of the cause of action to the Commissioner for further proceedings consistent with this opinion and the report and recommendation of the magistrate judge. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal

Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: February 19, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE